■    In the Matter of the Claim of KENNETH R. BALDASSARE, Respondent, v. CONGEL-HAZARD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J.    Appeal by an employer and its insurance carrier from a decision awarding benefits for disability sustained as the result of a motor vehicle accident; appellants denying any employer-employee relationship

and asserting that in any event the accident did not arise out of and in the course of the employment. Claimant had been employed as a laborer by appellant employer at Dryden, New York, for 11 weeks and could have remained on that job for at least another week, when his foreman asked him, and he agreed, to transfer to another job site of the employer at Watertown, New York, the foreman offering the inducement of substantial overtime pay on the new job. The employer's office manager conceded that the transfer was to the employer's benefit, that this "is normal policy when you have good men that the foreman considers good men. You like to keep your own group." Pursuant to the foreman's direction, claimant filled his car's gasoline tank at the employer's expense, had dinner, for which the foreman paid, and proceeded to follow the employer's truck, driven by the foreman, in the direction of the foreman's trailer where he was to leave his baggage, the route being also that to Watertown, before proceeding to Watertown to commence work on the new job the next morning. The accident occurred while claimant was following the company truck as the foreman had directed him to do. The employer's report of injury stated, in response to the question as to what the employee was doing when the accident occurred: "Traveling on Rt. 81 after normal working day to next days job in Watertown, N. Y. Accident happened on employees own time." The first sentence above quoted negates, as does a mass of other substantial evidence, appellants' theory that the employment relationship had been terminated upon the completion of claimant's work at Dryden, not to be resumed, presumably, until he should commence the new job at Watertown. Clearly, there was no severance nor any intent to sever; nor was there any interruption of the relationship. (See *Matter of Gallo* v. *Bethlehem Steel Co.*, 21 A D 2d 935, mot. for lv. to app. den. 14 N Y 2d 488; *Matter of Gross* v. *Mary Herbert Fashions [Better]*, 15 A D 2d 626, affd. 13 N Y 2d 93; *Matter of Abel* v. *Lockport Bus Lines*, 25 A D 2d 807.) As clearly, the journey was work-connected; and the ensuing accident manifestly arose out of and in the course of the employment. Concededly, the trip involved a benefit to the employer; the employer financed it, in part, by payment for claimant's fuel and sustenance; and it was conducted, not merely at the employer's direction but under the direct and immediate supervision of the employer's foreman, operating a company truck which claimant was instructed to follow closely. (See *Matter of Fisher* v. *Otis Elevator Co.*, 28 A D 2d 598, affd. 22 N Y 2d 665; *Matter of Lane* v. *Fort Neck Dredging Co.*, 28 A D 2d 949, affd. 22 N Y 2d 965.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Gibson, P. J.